FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMANDA LEONA D.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:17-CV-00060-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Plaintiff's Motion for Summary Judgment.

## I.  Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits and her

application for Supplemental Security Income on October 18, 2012. AR 196-208.

Her amended alleged onset date of disability is September 1, 2007. AR 20, 56-57.

Plaintiff's applications were initially denied on December 17, 2012, AR 136-42,

and on reconsideration on April 24, 2013, AR 146-58.

A hearing with Administrative Law Judge ("ALJ") Caroline Siderius

occurred on May 28, 2015. AR 52-91. On June 15, 2015, the ALJ issued a decision

finding Plaintiff ineligible for disability benefits. AR 20-36. The Appeals Council

denied Plaintiff's request for review on December 14, 2016, AR 1-4, making the

ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on

February 10, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before

this Court pursuant to 42 U.S.C. § 405(g).

## II.  Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

1  can be expected to last for a continuous period of not less than twelve months." 42

2  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

3  under a disability only if the claimant's impairments are of such severity that the

4  claimant is not only unable to do his previous work, but cannot, considering

5  claimant's age, education, and work experience, engage in any other substantial

6  gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

7      The Commissioner has established a five-step sequential evaluation process

8  for determining whether a claimant is disabled within the meaning of the Social

9  Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

10 *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

11     Step one inquires whether the claimant is presently engaged in "substantial

12 gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful

13 activity is defined as significant physical or mental activities done or usually done

14 for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in

15 substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§

16 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

17     Step two asks whether the claimant has a severe impairment, or combination

18 of impairments, that significantly limits the claimant's physical or mental ability to

19 do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

20 impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 22 years old at the amended alleged date of onset. AR 34, 196, 202. She has a high school education and some college. AR 34, 63, 77-78. Plaintiff is able to communicate in English. AR 34. Ms. Plaintiff has a history of cannabis abuse. AR 26, 28, 57, 602. Plaintiff has past work as a sales clerk. AR 34, 63-64.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from September 1, 2007, through the date of the ALJ's decision. AR 21, 36.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2007 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 22.

**At step two**, the ALJ found Plaintiff had the following severe impairments: borderline personality disorder, anxiety, depression, shoulder degenerative joint disease, obesity, and asthma (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 23.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 23.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, meaning: she can lift twenty pounds occasionally and ten pounds frequently; she can sit for up to eight hours in an eight-hour workday; she can stand/walk for six hours in an eight-hour workday; she needs to change position once an hour; she can never climb ladders, ropes, or scaffolds; she can occasionally climb stairs and ramps; she can occasionally kneel and crawl; she

must avoid unprotected heights; she cannot work around heavy machinery or equipment; she can perform simple repetitive tasks; she can occasionally perform detailed work; she can have superficial brief contact with the general public and occasional brief contact with co-workers; she can have no more than ordinary production requirements; she must avoid concentrated exposure to odor, dust, gases, and fumes; she should work with things rather than people. AR 25.

The ALJ found that Plaintiff is unable to perform her past relevant work. AR 34.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 35. These include small parts assembler and mail clerk. *Id.*

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; and (2) improperly evaluating the medical opinion evidence.

\\

\\

\\

## VII.   Discussion

### A. The ALJ Properly Discounted Plaintiff's Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically

1    determinable impairments could reasonably be expected to produce the symptoms

2    Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of

3    intensity, persistence, and limiting effects of the symptoms were not entirely

4    credible. AR 27. The ALJ provided multiple clear and convincing reasons for

5    discrediting Plaintiff's subjective complaint testimony. AR 22-23, 25-31.

6          In this case, there is substantial affirmative evidence of malingering. The

7    ALJ stated that Plaintiff appears to be highly motivated to seek benefits rather than

8    work, and Plaintiff's malingering, exaggerations, and disability focus undermine

9    her credibility. *See Benton ex. el. Benton v. Barnhart,* 331 F.3d 1030, 1040 (9th

10   Cir.2003) (finding of affirmative evidence of malingering will support a rejection

11   of a claimant's testimony). AR 30-31. The ALJ provided numerous notations to the

12   record demonstrating Plaintiff's malingering. The ALJ noted that Plaintiff's

13   treating physician, Dr. Wurst, stated "in my opinion, [Plaintiff] embellishes or

14   exaggerates her symptoms." AR 27, 439. The ALJ cited medical records stating

15   that Plaintiff had multiple invalid REY tests and malingering was suspected. AR

16   28, 411. The ALJ documented multiple instances of exaggeration, embellishment,

17   invalid test results due to malingering, doctors' notes regarding Plaintiff's

18   motivation to overstate her problems for secondary gain, and diagnoses of

19   malingering. AR 30-33, 465, 467, 469-72, 475, 477, 479, 511.

20

In addition to malingering, the ALJ provided multiple other clear and convincing reasons to discount Plaintiff's credibility. AR 26-31. Including: failing to follow prescribed treatment; repeated and frequent inconsistent statements and inconsistency in the record; and activities of daily living and work that are inconsistent with her alleged level of impairment. *Id*. All of which independently constitute legally sufficient reasons supported by the record for the ALJ's credibility determination, in addition to the affirmative evidence of malingering.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating

providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-

medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b. Dr. Dalley

Dr. Dalley adopted the report and opinion created by Abigail Osborne Elmer, a licensed medical health counselor, based on an examination conducted by Ms. Osborne Elmer on August 29, 2007. AR 454-64. The report and opinion provided normal and average results on all tests except one that was not interpreted due to malingering, provided moderate limitations and some marked limitations in interactions with others. *Id*.

The ALJ assigned the opinion some weight. AR 32. In discounting a portion of the opinion, the ALJ provided multiple valid reasons. The ALJ noted that there are multiple inconsistencies between the objective testing and the ultimate opinion provided, such as the fact that Plaintiff had perfect scores or scored within normal limits on every valid test that was performed and the opinion repeatedly notes that Plaintiff functions normally or within the average range, which is inconsistent with

the more severe limitations opinioned. *Id*. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Additionally, "an ALJ need not accept the opinion of a doctor if that opinion is… inadequately supported by clinical findings." *Id*. at 1216. The opinion also fails to account for the only test that did not fall within normal limits, was deemed uninterpretable due to malingering. Furthermore, the limitations opined are not supported by the objective evidence and only find support in Plaintiff's self-reports, which the ALJ determined are not credible. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Dalley's opinion.

### c. Dr. Arnold

Dr. Arnold is an examining psychologist who provided three medical opinions regarding Plaintiff's limitations. AR 470, 478, 604. Dr. Arnold opined that Plaintiff had severe and marked limitations in multiple categories.

The ALJ assigned great weight to Dr. Arnold's opinions addressing Plaintiff's malingering and poor motivation, as it is supported by the objective evidence; however, the ALJ assigned little weight to the opinions of severe and marked limitation.AR 33-34. The ALJ provided multiple valid reasons to discount a portion of the opinions. The ALJ noted that the objective medical findings in Dr. Arnold's examinations are inconsistent with the level of impairment in the opinion. *Id*. Nearly all of the objective examination scores fell comfortably within the normal range and Dr. Arnold's objective observations do not support marked or severe limitations. AR 470–71, 478, 605–06. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. Dr. Arnold frequently found that Plaintiff was malingering and over-reporting her symptoms, complicating the accuracy of his opinions. AR 470–71, 478, 605–06. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim*, 763

F.3d at 1162. Additionally, the marked and severe limitations are inconsistent with the medical evidence of record, including the reports from Plaintiff's treating neurologist, Dr. Wurst, and they are inconsistent with Plaintiff's activities of daily living including working as a driver and equipment worker for a band. *See* AR 26-31. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). And, an ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Arnold's opinions.

### d. Dr. Mabee

Dr. Mabee examined Plaintiff in September 2011 and September 2012. AR 488-95, 510-16. The earlier opinion found only one marked limitation in working

effectively with public contact, which has been addressed in the residual functional captivity provided by the ALJ. AR 25, 490.

The ALJ properly afforded little weight to the marked limitations in the later opinions due to the significant inconsistency between the objective testing and observations with completely normal findings and malingering, and the significantly more restrictive and unsupported findings opined by Dr. Mabee. AR 33-34, 513-16. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. Additionally, Dr. Mabee notes that Plaintiff's self-reports are marred by malingering and over reporting, thus are insufficient to support the greater limitiations in the later opinion provided by Dr. Mabee. *Ghanim*, 763 F.3d at 1162 (an ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Mabee's opinions.

### e. Other Medical Evidence

Plaintiff briefly concludes that the ALJ only relied on opinions of non-examining consultants rather than on the opinions of examine sources. However, this conclusory statement fails to note that the ALJ did rely on the objectively supported portions of the opinions provided by the examining sources and implemented such limitations in to the residual functional capacity. Additionally, the ALJ's opinion is supported by the objective medical evidence in the record, including evidence from Plaintiff's treating physician, Dr. Wurst, and evidence from testifying medical expert Dr. Winfrey. Great weight may legitimately be given to the opinion of a non-examining expert who testifies at a hearing, such as Dr. Winfrey. *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995). It is "the ALJ [who] is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

As stated previously, when the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to

more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 26th day of June, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge